IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KRIS L. WEINSCHENKER,

       Plaintiff,                            06cv0519

     v.                               **ELECTRONICALLY FILED**

UNITED STATES OF AMERICA,

       Defendants.

## Memorandum Opinion and Order of Court

**April 22, 2006**

Plaintiff Kris L. Weinschekner has filed this lawsuit against the United States of

America, ostensibly, but it is really against this Court ("defendant is The United States

of America, acting through and empowering Federal District Judge Arthur J. Schwab"),

based upon this Court's Order of April 6, 2006.  Specifically, plaintiff's complaint

"challenges the Constitutionality of the attached Order of the Court by Federal Judge

Arthur J. Schwab to summarily dismiss with prejudice the plaintiff's civil action # 06-CV-

405 . . . ." Complaint (Document No. 1) at ¶ 1, ¶ 5.

On April 6, 2006, the Court dismissed plaintiff's frivolous complaint by

Memorandum Opinion and Order, pertinent portions of which are repeated below:

> Plaintiff Kris L. Weinschekner paid his filing fee and filed a *pro se*
> complaint pursuant to 42 U.S.C. § 1983 alleging amorphous civil rights
> violations against a host of mostly public officials, which occurred "from
> February 2003 until the present."  In his complaint, plaintiff claims that his
> constitutional rights were "systematically usurped by the defendants" by a
> series of events related to his criminal prosecution in the Court of
> Common Pleas of Westmoreland County, Pennsylvania.  In general,
> plaintiff alleges that, in his criminal trial in that Court, his retained and
> court appointed attorneys and the prosecutors conspired to suppress
> evidence about his religious faith which would have been exculpatory, that
> the district justice and two judges of the Court of Common Pleas "were
> complicit in this degradation of the plaintiff's Constitutional rights," and that

the Warden "subjected [plaintiff] to cruel and unusual punishment as a result of his religious faith while incarcerated at Westmoreland County Prison." Complaint, ¶ 1.

In addition to the judicial officers, attorneys and warden, the other defendants are an officer of the Pennsylvania State Police who arrested plaintiff, an employee of Westmoreland County Adult Probation Office, and the "34 year old female who is the alleged victim" of the offenses with which plaintiff was tried and convicted. (Plaintiff does not enumerate the nature of offenses with which he was charged and *convicted*.)

This complaint is legally insufficient and is incurable, based upon the affirmative allegations contained in the complaint and well established legal precedent, and, therefore, this Court will dismiss the complaint *sua sponte*.

\* \* \*

Although the public officials and plaintiff's victim, who are the subject of plaintiff's claims, have not yet been put to the expense of time and resources to file their inevitable motions to dismiss, the Court will gauge this complaint by the above  standards - therefore, the Court has accepted all of plaintiff's facts as true (but this assumption is made only for purposes of testing the legal sufficiency of the complaint), has given him the benefit of all reasonable inferences from the facts as he alleges, and has resolved all doubts in plaintiff's favor.  Having done so, the Court holds that all of plaintiff's claims are without legal merit, based upon the affirmative allegations of his complaint.

\* \* \*

The specifics set forth in plaintiff's complaint are as follows: he was arrested and never "Mirandized;" the arresting state trooper swore out a criminal complaint containing false information; the district justice should never have held him for trial nor set bail at $50,000; a probation officer testified falsely against him; the District Attorney and his assistants falsely prosecuted him on two charges (at Court of Common Pleas of Westmoreland County docket numbers 883C2003 and 5129C2004); his lawyers failed to advance his cause of religious persecution and otherwise aided the prosecution; the judges were complicitous in securing an unlawful conviction; one of his convictions was upheld in post conviction proceedings, which were just completed in December 2005, when one of the judges dismissed his PCRA petition at 5129C2004 and granted an appeal *nunc pro tunc* at 883C2003, which appeal is still pending.  The claim against defendant Walton, the Warden at "Westmoreland County

Prison," is, apparently, that the warden denied plaintiff his right to freely exercise his religion by preventing him from committing suicide by means of a religiously-motivated hunger strike.  There are no specific claims against the victim, other than the implicit complaint that she complained about him and that her father allegedly works in the Westmoreland County Coroner's office.

**Discussion**

The judges, including the district justice, are absolutely immune from suit, since all of the complained of acts were committed in their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 356-57(1978) (citation omitted) . . . .

The prosecutors are all entitled to absolute immunity in this case. In initiating prosecutions and in presenting the State's case, prosecutors are completely immune from civil suit for damages under section 1983. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir.1992). . . .  Thus, plaintiff's claims against the District Attorney and his Assistant District Attorneys are foreclosed by prosecutorial immunity.

As to plaintiff's lawyers, it is "well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law." *Harmon v. Delaware Secretary of State*, 154 Fed.Appx. 283, 284-85 (3d Cir. 2005), *citing Polk County v. Dodson*, 454 U.S. 312 (1981).

Plaintiff's claims against these and the other public officials are also barred by the existence of his criminal prosecution in state court, which has not been resolved favorably to him, because these claims "would necessarily imply the invalidity of his conviction or sentence," and hence are barred by *Heck v. Humphrey*, 512 U.S. 477, 487(1994). *See Gilles v. Davis*, 427 F.3d 197, 208- 210 (3d Cir. 2005).  To the extent Plaintiff seeks federal review over the judgment of a state court, he also is barred by the Rooker-Feldman doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, --- U.S. ----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  Similarly, the doctrines of claim and issue preclusion prevent plaintiff from suing any defendant, including the victim of his proven criminal wrongdoings for which he has been convicted in Pennsylvania courts.

Plaintiff's claims against the warden, presumably First Amendment

- Freedom of Exercise of Religion, but perhaps the Eight Amendment too, are frivolous. *See Grand Jury Subpoena John Doe v. United States*, 150 F.3d 170, 172 (2nd Cir. 1998) (reviewing district court's force-feeding order, court holds that "we, like the majority of courts that have considered the question, hold that such an order does not violate a hunger-striking prisoner's constitutional rights. . . .

For all of the foregoing reasons, this Court deems it appropriate to *sua sponte* dismiss plaintiff's complaint now, without putting defendants to the time and expense of responding to his frivolous complaint with inevitable motions to dismiss, because his own affirmative averments therein and the well established law demonstrate that he has no legitimate claims and that any amendment to his complaint would be futile. Accordingly,

**IT IS HEREBY ORDERED, this 6th day of April, 2006**, that plaintiff Kris L. Weinschkner's complaint is **DISMISSED** in its entirety, with prejudice.

The Clerk of Court shall mark this case closed.

Plaintiff's complaints about this Court's order of April 6, 2006 cannot sustain a lawsuit against the Court for ruling against him.  See Stump.  Plaintiff may appeal this Court's dispositive rulings to the United States Court of Appeals for the Third Circuit and attempt to convince them that the Court erred in dismissing his complaint.  Accordingly,

**IT IS HEREBY ORDERED, this 22nd day of April, 2006**, that plaintiff Kris L. Weinschkner's complaint is **DISMISSED** in its entirety, with prejudice.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:
Kris L. Weinschenker
1619 Mount Pleasant Road
Greensburg, PA 15601